Argued October 12, affirmed November 22, 1961

# CHINN et al *v.* SHERIDAN HARDWOOD, INC. et al

### 366 P. 2d 321

*Al J. Laue,* Salem, argued the cause for appellants. On the brief were Williams & Skopil, Salem.

*Randall S. Jones,* Portland, argued the cause for respondents. With him on the brief were Jones & Brown and L. James Bergmann, Portland.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Brand, Justices.

O'CONNELL, J.

This is a suit to foreclose a mortgage executed by defendant Sheridan Hardwood, Incorporated, to plaintiffs. The mortgage covered Sheridan Hardwood's leasehold interest in certain real property. The lease contained an option to purchase. Sheridan Hardwood exercised the option and after purchasing the real property conveyed it to defendants, E. R. Bailey and Geneva A. Bailey. The latter were joined as defendants in the foreclosure suit. They alone appeal from the decree of foreclosure.

A more detailed statement of the case is set forth in the opinion of the circuit judge, the Honorable William Wells, which, with the omission of portions not germane to this appeal, was as follows: "In 1957 Sheridan Hardwood leased certain described real property in Sheridan, Oregon, from the Alaska Junk Company. In addition to the usual terms contained in such an instrument, the lease provided for an option in favor of the lessee to purchase the premises for $12,500. After operating for some months, the corporation found itself in financial difficulties. In order to secure advances from its sales agents, Chinn and

Hall, it executed a mortgage to them securing all promissory notes and other evidences of indebtedness as well as any additional advances which might be made to it in the future. The instrument generally covered all chattels in and about the plant used in the business, and in addition, the mortgagor's interest as lessee in the described real property under the lease with Alaska Junk Company. This mortgage was indexed in the chattel mortgage records of Yamhill County, but was not recorded or cross-indexed in the real property mortgage records.

"The corporation's financial condition continued to deteriorate and by August, 1959, it became apparent to the officers that additional financing and a renegotiation of its sales agreement with Chinn and Hall was imperative. A series of informal conferences and directors' meetings was held and a plan evolved by which the corporation would exercise its option to purchase the real property and thus place itself in a stronger position to obtain new financing. The defendant, E. R. Bailey, was a substantial stockholder in the company and was requested to actively assist in the business affairs of the corporation about this time. Although the exact details are in dispute, it is true that a deed of August 31, 1959, which conveyed the Alaska Junk Company's interest to the Sheridan Hardwood company, was placed on record at 2:54 p. m., September 11, 1959. Two minutes later, at 2:56 p. m., a deed dated September 10, reconveyed the property from the corporation to E. R. and Geneva Bailey.

"In this foreclosure suit, the plaintiffs seek to include as security for their advances the real property conveyed through it to the Baileys. Although conceding their failure to record their mortgage in

the real property record deprives them of the right to assert constructive notice, they allege that Mr. Bailey had actual notice of their lien on the real property interest and, therefore, it is subordinate to their security. He, of course, denies that he had such notice and contends that this ownership is free from any claim of the plaintiffs, being a bona fide purchaser for value in good faith.

"Although Mr. Bailey was possibly never officially a managing officer of the Sheridan Hardwood company, the evidence is clear that in August he was extremely active in company affairs. He admitted that he did occupy some unofficial capacity in the company, not ordinarily exercised by stockholders. He was in the office a good portion of the month and was searching through the files and records of the corporation with the regularly elected officers to acquaint himself with the affairs of the company. Although not a director, he sat in on most of their meetings. He went with the directors to the offices of Otto Heider in Sheridan where discussions were held as to the legal status of obligations of the company. He was present at the stockholder's meeting where, as indicated by the minutes and the testimony of the secretary, the resolution making reference to the mortgage of the interest of the corporation in the real property to Chinn and Hall was read and unanimously passed. Several witnesses testified that the status of the plaintiff's lien on the interest in the real property was known to and discussed by all of them in the presence of Mr. Bailey.

"In view of this overwhelming evidence, it is inconceivable that E. R. Bailey did not know of the plaintiffs' lien, but that he hoped in some manner to avoid its effectiveness. The law, however, is clear that in

such circumstances where there is notice, the purchaser takes subject to the first lien of the plaintiffs."

■ We agree with the trial court's conclusion that the evidence establishes defendant Bailey's actual knowledge of the plaintiff's lien.

Another issue raised in the pleadings, but not considered in the trial court's opinion, is now presented upon appeal. Defendants argue that the mortgage did not cover the lessee's interest as the holder of the option to purchase. It is further argued that when the lessee, Sheridan Hardwood, Incorporated, exercised the option and acquired the fee the leasehold merged in the fee and extinguished the mortgage on the real property.

■■ The mortgage purports to cover the "mortgagor's interest as lessee." This includes not only the leasehold term but lessee's option to purchase. It is immaterial whether the option is regarded as real property or as some other specie of property; it is a valuable interest and can constitute the subject matter of a mortgage. When the lessee exercised the option the mortgage extended to the fee. Accord, *Bank of Louisville v. Baumiester,* 87 Ky 6, 7 SW 170 (1888). There is authority for the proposition that the mortgage covers the property acquired under the option by the assignee of the lease. *Building & Loan Ass'n. v. McKenzie,* 24 Ont App 599 (1897). See also, *Chapman v. Great Western Gypsum Co.,* 216 Cal 420, 14 P2d 758, 85 ALR 917 (1932); *Yellow Chief Coal Co.'s Trus. v. Johnson,* 166 Ky 663, 179 SW 599 (1915); Note, 33 Colum L Rev 167 (1933). It is unnecessary for us to decide whether we would carry the principle that far.

The decree of the lower court is affirmed.