Argued and submitted June 11, affirmed December 19, 1984

The UMPQUA SAVINGS AND LOAN ASSOCIATION,
*Appellant,*

*v.*

SECURITY BANK OF COOS COUNTY,
*Respondent.*

(83-1132; CA A29042)

693 P2d 57

Alan K. Brickley, Portland, argued the cause and filed the brief for appellant.

Martin E. Stone, Coquille, argued the cause for respondent. With him on the brief were Slack, Stone and Gillespie, Coquille.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals a summary judgment which declared that defendant's trust deed is superior to plaintiff's trust deed on "vacated Edwards Avenue."[1] We affirm.[2]

In December 1979, the Leucks and the Lairds, as owners, gave defendant, as beneficiary, a recorded trust deed on property in the City of Coos Bay to secure a loan of $150,000. The trust deed described parcels immediately north and south of Edwards Avenue by metes and bounds and provided:

> "Borrower * * * grants and conveys to trustee * * * in trust, with power of sale, the following described property located in the County of Coos, State of Oregon: [metes and bounds description of 13 parcels incorporated by reference] together with all the improvements now or hereafter erected on the property, *and all easements, rights, appurtenances,* * * * and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Trust Deed; and all of the foregoing, together with said property * * * are herein referred to as the 'property.'" (Emphasis supplied.)

The record does not disclose who created Edwards Avenue, when or how it was established (by plat, dedication, ordinance or otherwise) or whether it was ever used or improved. The parties' stipulation merely recites that "Edwards Avenue was a parcel of land designated for use as a street within the City of Coos Bay, Oregon."

In June 1980, the city, by ordinance, vacated Edwards Avenue under ORS chapter 271. ORS 271.140 then provided:

> "The title to the street or other public area vacated shall attach to the lands bordering on such area in equal portions; except that where the area has been originally dedicated by different persons and the fee title to such area has not been otherwise disposed of, original boundary lines shall be adhered to and the street area which lies on each side of such boundary

---

[1] We refer to the portion of Edwards Avenue that is involved in this action as "vacated Edwards Avenue" or "the vacated street."

[2] The parties stipulated to the facts and that there is no dispute as to any material fact. Both parties had moved for summary judgment. The court granted defendant's motion and denied plaintiff's motion.

line shall attach to the abutting property on such side. If a public square is vacated the title thereto shall vest as provided by ORS 271.060."[3]

The parties do not dispute that, because the Leucks and Lairds jointly owned the lands bordering on each side of the street, the vacated street passed to them upon its vacation.

On September 19, 1980, the Leucks conveyed all their interest in the vacated street to the Lairds. On September 25, 1980, the Lairds gave plaintiff, as beneficiary, a trust deed, which was recorded on September 26, 1980, covering vacated Edwards Avenue to secure its loan of $46,000 to build a single-family residence on that property.[4] Defendant commenced foreclosure of its trust deed by power of sale in January 1983. Because defendant intended to sell vacated Edwards Avenue on foreclosure as part of its security, plaintiff brought this declaratory judgment action to determine the relative priority of the trust deeds as to that property.

■ ■ Plaintiff argues that the court erred when it ruled that the vacated street is an "appurtenance" to the property otherwise described in defendant's trust deed and declared defendant's trust deed to be superior. We do not decide if it is an "appurtenance"[5] but hold that the court's conclusion that

---

[3] ORS 271.140 was amended by Or Laws 1981, ch 153, § 58. The amendments do not affect this case.

[4] In July 1981, defendant released from its trust deed a parcel of land described by metes and bounds adjacent to the south line of vacated Edwards Avenue. The partial reconveyance did not include any part of the land in dispute.

[5] Plaintiff contends that the street was not an "appurtenance" because

"[o]f two parcels of land, one can never be appurtenant to the other * * *. [L]and can never be appurtenant to other land or pass with it as belonging to it * * *. All that can be reasonably claimed is, that the word 'appurtenances' will carry with it *easements* and *servitudes* used and enjoyed with the lands for whose benefit they were created." *Humphreys v. McKissock,* 140 US 304, 314, 11 S Ct 779, 35 L Ed 473 (1891). (Emphasis in original.)

*But see Skinner v. Silver,* 158 Or 81, 99-100, 75 P2d 21 (1938):

"A mortgage of land, with the appurtenances, covers both the incorporeal hereditaments annexed to the realty and also such physical property, or rights to or in connection with it as are used with and for the benefit of the land, and are reasonably necessary for the beneficial and proper enjoyment thereof, such as water rights."

It could be that the interest in the street's possible reversion to the Leucks and Lairds was an "incorporeal hereditament annexed to the realty." *See Standard Brass Corp. v. Farmers Nat. Bank of Belvidere,* 388 F2d 86, 90 (7th Cir 1967).

defendant's trust deed is superior is correct. Defendant's trust deed also covered "all * * * rights" of the described real property that bordered on the north and south lines of Edwards Avenue. When defendant first took and recorded its trust deed, the Luecks and Lairds owned that adjacent real property. Their "right" under ORS 271.140 to title in the street if it were vacated was one of the "rights" that their trust deed granted to defendant. Before plaintiff had taken or recorded its trust deed, the city had vacated the street, and the lien of defendant's trust deed had attached to and covered the title to vacated Edwards Avenue. *See Chinn et al v. Sheridan Hdwd., Inc., et al.,* 229 Or 123, 127, 366 P2d 321 (1962).[6]

Affirmed.

---

[6] Lack of an after-acquired property clause in defendant's trust deed does not affect the relative priority of the trust deeds, because defendant took and recorded its trust deed, and the city vacated the street, before plaintiff took and recorded its trust deed.